# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH CHAMLESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:12-CV-3482-DGK |
| | ) | |
| TOBY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT PARTIAL SUMMARY JUDGMENT

This lawsuit alleges that Defendant Toby Smith ("Smith"), who was formerly employed by the City of Republic as a police officer, used excessive force in arresting Plaintiff Joseph Chamless ("Chamless").

Now before the Court is Defendant's motion for partial summary judgment (Doc. 65). Finding there is no genuine dispute of material fact and that Smith is entitled to summary judgment as a matter of law on the Plaintiff's false arrest claim, the Court GRANTS the motion.

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for its motion, and it must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). If the movant does so, then the nonmovant must respond by submitting evidence demonstrating that there is a genuine issue for trial. *Id.* The court views any factual disputes in the light most favorable to the nonmoving party. *Id.* Decisions concerning credibility

determinations, how to weigh the evidence, and what inferences to draw from the evidence, are decisions reserved for the jury, not the judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S 557, 585 (2009).

## Undisputed Facts

For purposes of resolving the pending summary judgment motion, the Court finds the facts to be as follows.[1]

On July 5, 2012, Chamless' son called 911 to request assistance at Chamless' home in Republic, Missouri. Chamless' son called 911 because Chamless was behaving strangely and appeared disoriented.

The 911 dispatcher sent Republic Police Department Officers Angela Looney and Defendant Toby Smith to the house. During a subsequent interaction between the two, Chamless spit on Smith. Smith then made a warrantless arrest of Chamless for assault on a law enforcement officer in the third degree, a class A misdemeanor under Missouri law.

---

[1] The Court has omitted properly controverted facts, facts that are immaterial to the resolution of the pending motion, facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as fact.

**Discussion**

Section 1983 provides that no person acting under color of state law may violate any rights secured by the Constitution or laws of the United States.[2] 42 U.S.C.A. § 1983. To prevail on his section 1983 unlawful arrest claim, Chamless must show that Officer Smith was (1) acting under color of state law, and (2) arrested Chamless (3) without probable cause. *Peterson v. City of Plymouth*, 60 F.3d 469, 473 (8th Cir. 1995).

There is no dispute here that Smith arrested Chamless or that he was acting under color of state law when he did so; the question is whether Smith had probable cause to arrest Chamless for assault on a law enforcement officer in the third degree. Whether probable cause existed is a question of law for the court to decide. *Id.* at 475. "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *United States v. Torres-Lona*, 491 F.3d 750, 755 (8th Cir. 2007). To determine the existence of probable cause, a court looks "at the totality of the circumstances as set forth in the information available to the officers at the time of the arrest." *United States v. Kelly*, 329 F.3d 624, 628 (8th Cir. 2003). In making this determination, the law gives police "substantial latitude in interpreting and drawing inferences from factual circumstances." *United States v. Washington*, 109 F.3d 349, 465 (8th Cir. 1997). Probable cause is determined at the moment an arrest is made; later developed facts are irrelevant to the analysis. *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008).

The record here establishes that Smith had probable cause to arrest Chamless. In Missouri, a person commits the crime of assault on a law enforcement officer in the third degree

---

[2] "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . for redress." 42 U.S.C.A. § 1983.

if he "knowingly causes or attempts to cause physical contact with a law enforcement officer." Mo. Rev. Stat. § 565.083(3). Spitting constitutes offensive physical contact which is actionable as third degree assault. *See State v. Mack*, 12 S.W.3d 349, 353 (Mo. Ct. App. 2000) (noting several courts in other states have found spitting constitutes physical contact under similar criminal statutes). Because Chamless spit on Smith, a reasonable person would believe Chamless committed third degree assault, so Smith had probable cause to arrest him.

The fact that Chamless may have been acting irrationally, exhibiting strange behavior, or was otherwise in obvious need of medical attention as Chamless asserts,[3] is irrelevant to the analysis. While a medical condition or drug reaction might be a basis for Chamless to argue he was not guilty of the crime because he lacked the requisite intent, that does not mean Smith lacked probable cause to arrest Chamless on July 5, 2012, when he took Chamless into custody. The facts and circumstances of the events of that day were sufficient to lead a reasonable person to believe that Chamless had committed assault on a law enforcement officer in the third degree. Thus, Officer Smith had probable cause to arrest Chamless, and Chamless' section 1983 claim for unlawful arrest fails as a matter of law.

Accordingly, the Court GRANTS Defendant's motion for partial summary judgment (Doc. 65).

**IT IS SO ORDERED.**

Date:   March 24, 2014                         /s/ Greg Kays
                                                                           GREG KAYS, CHIEF JUDGE
                                                                           UNITED STATES DISTRICT COURT

---

[3] The Court notes there are presently no facts in the record supporting such an assertion.